UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH B. COLLINS,

        Petitioner,

        v.                                   CAUSE NO.: 3:19-CV-15-PPS-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Keith B. Collins, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing where a Disciplinary Hearing Officer found him guilty of Interfering With Staff in violation of Indiana Department of Correction policy and was hit with a 30 days earned credit time as a result. ECF 1. The Warden later reduced the charge to Being in an Unauthorized Area and vacated the loss of earned credit time. ECF 12-2.

In response, Collins argues he has lost 60 days earned credit time, but he provides no evidence to support this contention. Rather, he attached a copy of his habeas corpus petition where he indicated he had lost 30 days. ECF 14-1 at 1. Collins also argues this disciplinary proceeding will prevent him from having other lost earned credit time restored because that is only possible if he has not "had credit time rescinded since 6-1-2015." ECF 14-1 at 4. However, this disciplinary proceeding is not relevant to the possibility of having other lost earned credit time restored because the 30 days lost here have been restored and will not qualify as "credit time rescinded since 6-

1-2015." Finally, he argues there is insufficient evidence to find him guilty of Being in an Unauthorized Area in violation of in violation of C-366. But because he has not lost any earned credit time as a result of that finding, there is no remedy I can grant him. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement). Here, because the sentence lengthening sanction has been vacated and the earned credit time restored, Collins has not lost any earned credit time as a result of this proceeding and this case must now be dismissed.

For these reasons, the motion to dismiss (ECF 12) is GRANTED and the case is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED on July 9, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT